CARTER, C.J.,
dissents in part, concurs in part, and assigns reasons.
I respectfully disagree with and dissent from the majority’s decision regarding custody. The father has appealed, arguing that the trial court abused its discretion in failing to award him more physical custody time with his two young children. In her answer to the appeal, the mother asks that the trial court’s judgment as to custody be affirmed. The issue of whether the father met his burden of proof on his motion to modify custody is not before the court. The only custody issue is whether the trial court should have allocated more physical custody time to the father. Moreover, while an interstate move may not necessarily establish a material change in circumstances affecting the welfare of the children, it does so here where the parties share joint custody and the father has just moved a distance of over one thousand miles. The result reached by the majority *1050 will only serve to thwart the relationship between these children and their father.
I respectfully concur with the majority’s decision to reverse the child support portion of the trial court’s judgment, but for reasons totally different from those stated in the majority opinion. I believe that the father’s child support obligation should be the amount set forth in the judgment of September 2008. The father’s military earnings for the two-week training period, which were established by the father’s testimony, should be included in the father’s gross income. The majority’s conclusion that the trial court did not abuse its discretion in excluding the amount because the record lacks documentary support effectively allows the father to secret a portion of his earnings because he failed to provide the required documentation. Once the earnings for the two-week period are included, the difference between the father’s income at the time of the prior calculation and his income now is negligible. Additionally, the difference between the daycare cost and the private school tuition does not constitute a material change since the school tuition does not account for all necessary expenses related to attendance at the school. For the reason that the father did not meet his burden of proof on the motion to reduce, I concur in reversing the trial court’s judgment on the issues of child support.
For the foregoing reasons, I dissent from the reversal of the trial court’s judgment on custody issues and concur with the reversal of the trial court’s judgment on support issues, but for reasons different from those set forth in the majority opinion.